JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Eric Banks, appeals his sentence after being convicted of rape and kidnapping. After a thorough review of the arguments and for reasons set forth below, we vacate the sentence and remand for resentencing.
 {¶ 2} On December 14, 2004, the appellant was arrested for repeatedly molesting and kidnapping his ten-year-old daughter. On March 29, 2005, he pleaded guilty to a 58-count indictment, which included 29 counts of rape of a minor under the age of 13 and 29 counts of kidnapping. On April 25, 2005, the trial court sentenced him to 30 years in prison.
 {¶ 3} The events that gave rise to the charges against the appellant occurred between the months of March and October 2004. During that time, the appellant repeatedly molested his ten-year-old daughter, which resulted in the victim becoming pregnant. The molestation was brought to light by the victim's teacher, who observed that she appeared to be pregnant. When questioned about the pregnancy, the victim confided to her teacher that the appellant had molested her. The victim carried the pregnancy to term and gave birth shortly before the appellant was sentenced.
 {¶ 4} The appellant now brings this appeal asserting four assignments of error for our review. Because the assignments of error are substantially interrelated, they will be addressed together.
 {¶ 5} "I. The trial court erred when it ordered consecutive sentences without furnishing the necessary findings and reasons required by R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2).
 {¶ 6} "II. The appellant has been deprived of his liberty without due process of law and of his constitutional right to a trial by jury by the maximum sentence imposed on him, for the reason that a jury did not find the facts which supported the imposition of a maximum sentence.
 {¶ 7} "III. The trial court erred in sentencing Mr. Banks to a term of incarceration beyond the minimum where Mr. Banks did not admit to serving a prior term of incarceration and the fact was not found beyond a reasonable doubt by a jury.
 {¶ 8} "IV. The imposition of consecutive sentences in the instant case was done in violation of Mr. Banks' sixth amendment right to trial by jury."
 {¶ 9} In the appellant's first and fourth assignments of error, he argues that the trial court erred when it imposed a consecutive sentence upon him without making the proper findings pursuant to R.C. 2929.14(E)(4) and 2929.41(A). Similarly, in his second and third assignments of error, he asserts that the trial court erred when it imposed a sentence beyond the shortest authorized term, without first making the proper findings under R.C. 2929.14(B) and (C) and 2929.19(B)(2).
 {¶ 10} The Ohio Supreme Court's recent decision in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856, renders the appellant's assignments of error without merit for purposes of this appeal. In Foster, the Court found several sections of the revised code unconstitutional, including R.C. 2929.14(E)(4),2929.41(A), R.C. 2929.14(B) and (C), and 2929.19(B)(2), which are at issue in this appeal, and severed the offending portions from the statutes. As a result, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing maximum, consecutive, or more than the minimum sentences.Foster, supra.
 {¶ 11} Because appellant's sentence was based on unconstitutional statutes, it is deemed void. Therefore, in accordance with the decision in Foster involving appeals with sentencing claims pending on review, we vacate the appellant's sentence and remand this case to the trial court for a new sentencing hearing.
Sentence vacated, case remanded.
This cause is vacated and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Kilbane, J., Concur.